# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID ANDERSON, SR.,              )
                                  )
            Petitioner,           )
                                  )    CIVIL ACTION
v.                                )    No. 04-3275-CM
                                  )
STATE OF KANSAS, et al.,          )
                                  )
            Respondents.          )
                                  )

## MEMORANDUM AND ORDER

Petitioner David Anderson, Sr., a former prisoner[1] at the Ellsworth Correctional Facility in Ellsworth, Kansas, has filed a *pro se* Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1). Respondents include the State of Kansas, Phill Kline, Kansas Attorney General, and Sam Cline, Warden of the Ellsworth Correctional Facility. Petitioner was convicted in Barton County, Kansas, of involuntary manslaughter while driving under the influence of alcohol, reckless driving, failure to use required headlamps, and failure to drive on the right half of the roadway. Petitioner seeks federal habeas relief on the ground that his conviction was based on evidence seized in violation of the Fourth Amendment.

---

[1] Section 2254 is premised on the requirement that the petitioner be in custody when a writ of habeas corpus motion is filed. *See* 28 U.S.C. § 2254(a). Although petitioner was released from custody on February 10, 2006, this court retains jurisdiction because petitioner was still incarcerated when he filed his § 2254 motion on August 27, 2004. *See Carafas v. LaVellee*, 391 U.S. 234, 238 (1968) ("[W]e conclude that under the [§ 2254] statutory scheme, once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application."); *see also Oyler v. Allenbrand*, 23 F.3d 292, 293-94 (10th Cir. 1994). The court also finds that petitioner's § 2254 is not moot because petitioner is currently on supervised release, and therefore has a "sufficient stake in the outcome of the case." *Oyler*, 23 F.3d at 294 (citation omitted).

## I.     Procedural History

On May 5, 2000, petitioner was charged with the following: one count of involuntary manslaughter while driving under the influence of alcohol in violation of Kan. Stat. Ann. § 21-3442, or in the alternative, one count of involuntary manslaughter in violation of Kan. Stat. Ann. § 21-3404(a); one count of driving under the influence of alcohol in violation of Kan. Stat. Ann. § 8-1567(a)(2), or in the alternative, one count of driving under the influence of alcohol in violation of Kan. Stat. Ann. § 8-1567(a)(1), or in the alternative, one count of driving under the influence of alcohol in violation of Kan. Stat. Ann. § 8-1567(a)(3); one count of reckless driving in violation of Kan. Stat. Ann. § 8-1566(a); one count of failure to use required headlamps in violation of Kan. Stat. Ann. § 8-1703(a); and one count of failure to drive on the right half of the roadway in violation of Kan. Stat. Ann. § 8-1514(a).

The District Court of Barton County, Kansas held an evidentiary hearing on January 19, 2001 on petitioner's motion to suppress. Petitioner argued that because police did not have probable cause to arrest him, a sample of his blood taken to test his blood-alcohol level should be suppressed pursuant to the Fourth Amendment. The district court ruled that petitioner's Fourth Amendment rights were not violated, and denied petitioner's motion to suppress.

The district court held a second suppression hearing on the issue of petitioner's blood sample on February 13, 2001. There, petitioner argued that the blood sample evidence violated his Fourth Amendment rights because he did not consent and was not under arrest when the sample was taken. The district court granted petitioner's motion and ordered the suppression of the blood evidence.

After an interlocutory appeal by the State, the Kansas Court of Appeals reversed the district court on September 28, 2001. The appellate court held that the taking of petitioner's blood did not violate the

Fourth Amendment because exigent circumstances—that blood-alcohol levels diminish over the course of time—existed, and that police had probable cause to arrest petitioner. On December 28, 2001, the Kansas Supreme Court denied review.

On April 9, 2002, a jury found petitioner guilty of all counts. Pursuant to *State v. Adams*, 744 P.2d 833 (Kan. 1987), the district court dismissed the driving under the influence conviction, finding that it merged with the involuntary manslaughter while driving under the influence conviction. Petitioner was sentenced to 162 months imprisonment, fines and restitution.

On appeal, petitioner argued that: (1) the trial court erred in admitting blood evidence taken in violation of the Fourth Amendment; (2) the trial court erred in failing to vacate his involuntary manslaughter conviction because the jury also found him guilty of a lesser included offense; and (3) the trial court erred in its determination of petitioner's criminal history for sentencing purposes. On November 14, 2003, the Kansas Court of Appeals affirmed petitioner's conviction, but found that the district court had erred in computing his criminal history. The Kansas Supreme Court denied review on February 10, 2004, and petitioner was resentenced to fifty-two months incarceration on May 26, 2004. Petitioner filed the instant request for federal habeas relief pursuant to 28 U.S.C. § 2254 on August 27, 2004. There is no dispute that petitioner has exhausted his state court remedies.

**II.     Standard of Review**

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act. *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999). The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id*. § 2254(d)(2). Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct. *Id.* § 2254(e)(1).

Under the first alternative, the court will find that a state court decision is contrary to clearly established law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the second alternative, the court will find that a state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The key inquiry is whether the state court's application of the law was objectively unreasonable. *Id.* at 409; *see also Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (observing that the "objectively unreasonable" standard of review is more deferential than the "clear error" standard). But the petitioner need not show that "all reasonable jurists" would disagree with the decision of the state court. *Williams*, 529 U.S. at 409-10. This court's review is limited; "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court does not review a state court decision for errors of state law. *Id.* (citations omitted).

**III.    Analysis**

Petitioner argues that federal habeas relief is warranted because his conviction was based on blood

evidence taken in violation of the Fourth Amendment. However, the court does not need to reach the merits of petitioner's argument. "'[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.'" *Garner v. Janecka*, 165 Fed. Appx. 621, 622 (10th Cir. 2006) (quoting *Stone v. Powell*, 428 U.S. 465, 482 (1976)). The Tenth Circuit has held that the "opportunity for full and fair litigation" contemplated in *Stone* "'includes, but is not limited to[,] the procedural opportunity to raise or otherwise present a Fourth Amendment claim[ ] and [a] full and fair evidentiary hearing.'" *Cannon v. Gibson*, 259 F.3d 1253, 1260 (10th Cir. 2001) (quoting *Miranda v. Cooper*, 967 F.2d 392, 401 (10th Cir. 1992)). Therefore, the analysis does not stop with the question of whether the state court held an evidentiary hearing; the federal habeas review must also analyze whether the state court recognized and applied the correct Fourth Amendment standards. *Id.* (citing *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978)). *Stone* does not preclude this court from "considering Fourth Amendment claims in habeas corpus proceedings where the state court wilfully refuses to apply the correct and controlling constitutional standards." *Gamble*, 583 F.2d at 1165.

Here, after reviewing the parties' arguments and the state court record, the court finds that petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claims in state court. Petitioner raised his Fourth Amendment claims at two separate evidentiary hearings on petitioner's motions to suppress his blood samples. In both rulings, the district court applied the correct Fourth Amendment standards. The Kansas Court of Appeals reversed the latter district court decision after applying *Schmerber v. California*, 384 U.S. 757 (1966), which sets forth standards for evaluating the admissibility

of warrantless seizures of blood evidence within the purview of the Fourth Amendment. The appellate court specifically found that the exigent circumstances exception to the warrantless search and seizure rule applied, and that there was probable cause for petitioner's arrest. Accordingly, the court finds that petitioner had several opportunities to fully and fairly litigate his Fourth Amendment claims, during which the state court properly applied the correct Fourth Amendment constitutional standards. The court denies petitioner's § 2254 habeas motion.

**IT IS THEREFORE ORDERED** that petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) is denied.

Dated this 21st day of June 2006, at Kansas City, Kansas.

 **s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**